## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN BROWN, | : | 1:18-cv-2035 |
| | : | |
| Plaintiff, | : | Hon. John E. Jones III |
| | : | |
| v. | : | |
| | : | |
| DAUPHIN COUNTY *et. al.*, | : | |
| | : | |
| Defendants. | : | |

## <u>MEMORANDUM</u>

### October 20, 2020

Presently before the Court in the above-captioned case is Defendant Paul Leggore's Motion for Sanctions (Doc. 43), which we will construe as a Motion to Dismiss for Failure to Prosecute under Rule 41(b) (the "Motion").  Defendant Leggore filed the Motion and a brief in support, (Doc. 44), on September 29, 2020. More than fourteen days has passed without a brief in opposition from Plaintiff, and as such, the Motion is now ripe for disposition.  For the reasons that follow, we will grant the Motion and dismiss the case.

## I.  BACKGROUND

Plaintiff Allen Brown initiated this civil rights action with a filing of a complaint in the Dauphin County Court of Common Pleas on September 4, 2018. (Doc. 1-3).  Defendants removed the case to this Court on October 19, 2018.  (Doc.

1).  Two motions to dismiss were then filed.  (Docs. 3 and 14).  We granted in part and denied in part the two motions to dismiss on February 6, 2019, which resulted in the termination of Defendants Dauphin County, the  Dauphin  County  Sheriff's Department,  Dauphin  County  Central  Booking,  Nicholas Chimienti, Jr. in his official capacity and in his individual capacity, Paul  Leggore  in  his  official capacity,  the  Middletown  Borough,  and  the  Middletown Borough Police Department from the case.  (Doc. 25).  On March 15, 2019, Plaintiff filed an Amended Complaint, reasserting his claims only against certain individual defendants, including new defendant James Bennett.  (Doc. 26).  Two weeks later, on March 28, 2019, we granted Plaintiff leave to file a Second Amended Complaint, which Plaintiff filed on April 4.  (Docs. 28, 30, 31).  Plaintiff's Second Amended Complaint asserted four claims against only Defendants Leggore and Bennett.  (Doc. 31).  Defendant Leggore answered the Second Amended Complaint on April 18, 2019.  (Doc. 32).

On November 30, 2019, Plaintiff's then-counsel filed a motion to withdraw as Plaintiff's attorney, along with a brief in support.  (Docs. 37 and 38).  On December 17, 2019, after we convened a status conference, we granted the motion, vacated pending case management deadlines, and explicitly directed two orders towards Plaintiff:

3. Mr. Brown **SHALL OBTAIN** new counsel within 30  days;

4. Mr. Brown **SHALL COOPERATE** with Defense Counsel with respect to re-scheduling his deposition. Failure to cooperate will result in sanctions including dismissal of this action…

(Doc, 41, at 2).

Defendant Leggore filed the instant Motion on September 29, 2020, averring that Plaintiff has neither advised Defendant Leggore that he obtained new counsel nor communicated in any way with Defendant Leggore since entry of the Court's December 17, 2019 Order. (Doc. 43, at ¶¶ 18–19). Defendant Leggore states that his counsel sent two letters to Plaintiff over the summer suggesting dates for Plaintiff's deposition and requesting contact information for his new attorney; according to Defendant Leggore, both of those letters went unanswered. (*Id.*, at ¶¶ 22–25). Defendant Leggore now seeks dismissal of this action based on Plaintiff's failure to prosecute the case and Plaintiff's failure to comply with the Court's December 17, 2019 Order. (*Id.*, at ¶ 28).

## II.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." F. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court and will not be disturbed absent an abuse of that discretion. *Emerson*

3

*v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted).  That

discretion, while broad, is governed by certain factors, commonly referred to as

*Poulis* factors.  As the United States Court of Appeals for the Third Circuit has

noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Emerson*, 296 F.3d at 190 (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d

863, 868 (3d Cir.1984).  Recognizing the broad discretion conferred upon the

district court in making judgments weighing these six factors, the Third Circuit has

frequently sustained such dismissal orders where there has been a pattern of

dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction.

*See, e.g.*, *Emerson v. Thiel College*, *supra*; *Tillio v. Mendelsohn*, 256 F. App'x 509

(3d Cir. 2007); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir. 2007);

*Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the *Poulis* factors weighs heavily

in favor of dismissing this action.  At the outset, a consideration of the first *Poulis*

factor—the extent of the party's personal responsibility—shows that the delay in

4

this case is entirely attributable to the Plaintiff, who has failed to abide by the Court's December 17, 2019 Order and Defendant Leggore's correspondences.

Similarly, the second *Poulis* factor—the prejudice to the adversary caused by the failure to abide by court orders—also calls for dismissal of this action. The Plaintiff's failure to retain new counsel (or his failure to notify Defendants that he retained new counsel) in addition to his failure to cooperate with Defendants to schedule a deposition, clearly impedes any adjudication or resolution of this action. In such instances, dismissal of the case clearly rests in the discretion of the trial judge. *See Tillio*, 256 F. App'x at 509 (failure to timely serve pleadings compels dismissal); *Reshard*, 256 F. App'x at 508 (failure to comply with discovery compels dismissal); *Azubuko*, 243 F. App'x at 729 (failure to file amended complaint prejudices defense and compels dismissal).

Considering the third *Poulis* factor—the history of dilatoriness by the Plaintiff—it is obvious this factor also weighs against Plaintiff. Plaintiff has not communicated with Defendants in months (perhaps even approaching one year or more), and he has ignored Defendant Leggore's multiple attempts at correspondence. (Docs. 43-1 and 43-2). Prior to that, according to Plaintiff's previous attorney Plaintiff had "ignored her advice and communication for months," and he had failed to appear for scheduled depositions on at least three separate occasions. (Doc. 38, at 1).

The fourth *Poulis* factor—whether the conduct of the party or the attorney was willful or in bad faith—also cuts against the Plaintiff. At this juncture, when the Plaintiff has failed to comply with instructions of the Court directing the Plaintiff to take specific actions in this case, the Court is compelled to conclude that the Plaintiff's actions are not accidental nor inadvertent but instead reflect an intentional disregard for this case and the Court's instructions.

While *Poulis* also enjoins us to consider a fifth factor (the effectiveness of sanctions other than dismissal), courts construing *Poulis* agree that in a situation such as this case—where we are confronted by a *pro se* litigant who will not comply with court orders—lesser sanctions may not be an effective alternative. *See, e.g.*, *Briscoe v. Klaus*, 538 F.3d 252, 262-63 (3d Cir. 2008); *Emerson*, 296 F.3d at 191. This case presents such a situation where the plaintiff's current status as a *pro se* litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, by entering our December 17, 2019 Order, and counseling Plaintiff on his obligations in this case, we have endeavored to use lesser sanctions, but to no avail. Plaintiff has declined to obey court orders—under explicit warning that the action could be dismissed for failure to cooperate—and has otherwise ignored his responsibilities as a litigant. Only the sanction of dismissal remains available to the Court.

Finally, under *Poulis* we are cautioned to consider one other factor—the meritoriousness of Plaintiff's claims. In our view, consideration of this factor cannot save this case from dismissal. In this case, at least five of *Poulis* factors weigh heavily towards dismissal of this case, no matter the meritoriousness of Plaintiff's remaining claims. Accordingly, we will grant the Motion. A separate order shall issue in accordance with this ruling.

/s/ John E. Jones III
John E. Jones III, Chief Judge
United States District Court
Middle District of Pennsylvania